(Hamilton County Court of Insolvency.)
June Term, 1897.

## IN THE MATTER OF THE ASSIGN- MENT OF CHARLES E. EHLER.

---

Where an assignee properly demands of the County Treasurer the tax bills against his assignor, and pays all taxes required of him, he can not be required, after having fully settled the estate, to pay further taxes not until then demanded of him.

---

McNEILL, J.

On the 25th day of November, 1893, Charles E. Ehler made an assignment under the insolvent laws of Ohio, to O. N. Kinney, who filed the deed in the Hamilton County (Ohio) probate court, duly qualified as such assignee, and entered upon the discharge of his trust. During the course of

the administration of the trust, the assignee called at the county treasurer's office and, at the proper window, asked for the tax bills against his assignor. The clerk in charge, furnished him with the bills for the current year, which he paid. He afterwards proceeded and administered the estate in his hands, distributed the money under order of court, and filed his final account, which was approved and confirmed by the court, October 24th, 1894. Afterwards the county treasurer discovered that the taxes on personal property assessed against the assignor for the years 1891 and 1892 had not been paid, and a motion is now made to require the assignee to pay those taxes, amounting with penalty to $114.92. No proof of claim was filed by the treasurer with the assignee, under the provisions of section 6354, Revised Statutes; and it is claimed by the assignee that this relieves him from responsibility. The provisions of our statutes makes it the duty of every citizen to go to the treasurer's office and pay the taxes that are legally assessed against him; and if he fail to do so within the time prescribed by law, he becomes a delinquent, and a penalty is assessed against him. When an assignment for the benefit of creditors is made, the assignee, having in charge the administration of the estate, is charged with the same duty as to taxes assessed against his assignor. It is a familiar rule that the state is not affected by legislation, unless therein specifically named. Section 5364 does not specifically require the state to present its claim for taxes to the assignee duly proven hence the duty remains with the assignee to go to the treasurer's office. demand the bills and pay them in the order of their preference

In this case, however, the assignee did go to the treasurer's office, and at the proper window made demand for the tax bills against his assignor, and paid all the bills presented by the treasurer on his demand. He had no knowledge of any other unpaid taxes assessed against his assignor. The treasurer and his deputies represent the state in the collection of taxes. The books can certainly be kept in such a way that when an inquiry is made for the taxes assessed against any person, the amount can be readily ascertained, and when a party, not personally liable for the payment of taxes, and which are assessed against another person. makes a proper demand of the treasurer for the amount of the taxes so assessed, and pays the amount of the bills presented to him. he should not afterwards be held, to his damage, to pay other taxes due at the time he demanded the bills; but payment of which was not demanded of him.

In the case of the Portsmouth Lumber Co. v. Wells, 157 Pa. St., 5, the court say: "It must be conceded that the payment of taxes is a duty, and a failure to perform it is the fault of the owner. But payment is one thing, and the steps leading to it are another. For the latter the owner is not responsible. He can not assess himself, or

know what is charged against him. He must await the action of the agents of the law. He can not pay until he is informed what he is to pay. To perform the duty of payment, he must apply to the treasurer for the taxes charged against his land. If this officer fails to give him the information, on demand, on what just principle shall it be said he has not performed his duty? It is said, there are the tax books open to inspection, let him search them. But this is neither his business nor his duty. As was said in Deitrick v. Mason 7 P. F. Smith, 40, the treasurer is the legal custodian of the books and entries, necessary to show the sum to be tendered. This information it is his duty to give, and he can not lay the books before the owner and compel him to search for himself. The knowledge of the latter may be inadequate to find what he needs. If the owner pays all the taxes stated by the treasurer, he has done his whole duty. He can do no more. * * * It is but just, then, that a bona fide attempt to pay all taxes, frustrated by the fault of the treasurer, should stand as the equivalent of an actual payment. It is almost an universal rule which substitutes tender for performance when the tender is frustrated by the act of the party entitled to performance."

The assignee, Mr. Kinney, having properly demanded of the treasurer the tax bills against the assignor, and paid all the taxes demanded of him, and having fully settled the estate before any further demand was made upon him, can not now be required to pay the taxes now demanded of him for the years 1891 and 1892. The motion will therefore be overruled.

The above decision also applies to the assignment of E. E. Evans, and the assignment of W. L. Grant.

Rendigs. Foraker & Dinsmore for the County Treasurer; Geo. S. Baily, Owen F. Kinney and Ben. B. Dale, contra.